[Civ. No. 7638. Second Appellate District, Division Two.—June 2, 1933.]

P. J. PIROTTE, Respondent, v. THE CIVIL SERVICE COMMISSION OF THE CITY OF LOS ANGELES, CALIFORNIA, et al., Appellants.

Erwin P. Werner, City Attorney, Frederick Von Schrader, Assistant City Attorney, and Loren A. Butts, Deputy City Attorney, for Appellants.

Gratton & Johnson, Russell A. Johnson and John Gratton for Respondent.

STEPHENS, J.—This is an action in *mandamus*. In circumstances which it will be quite useless to detail here the Civil Service Commissioners of the City of Los Angeles, sitting as a commission, refused to classify the petitioner in the police department of said city. He filed his petition in the superior court, asking that the writ of *mandamus* be issued as against such commission and the members thereof, commanding that he be so classified. The writ issued and the commission and the commissioners appeal. By the charter of the city of Los Angeles the classification requested is a prerequisite to the performance of regular city police service.

At the time this case was before us for argument and submission neither respondent nor his attorney appeared, but the attorney for appellants appeared and informed this court through properly authenticated documents that since the judgment in the superior court petitioner had been confined in the federal prison at McNeil's Island, Washington, under conviction and sentence in the United States District Court for the Southern District of California, for the crime of violating section 37 of the federal Penal Code, conspiracy to violate section 32 of the federal Penal Code, and section 32 of the federal Penal Code, pretending to be a government officer.

We think we can take judicial notice of the fact that convicted felons are not proper persons in any capacity on a police force and that petitioner's conviction thereof while his equitable proceeding was pending in court deprives him of the right to ask any such relief.

The judgment against appellants is reversed and the superior court is directed to enter a judgment denying all or any relief.

Works, P. J., and Craig, J., concurred.